We have four cases on the calendar this morning, two patent cases, one from the PTAB and one from the District Court, a case from the Clarence Court, and a case from the MSPB, so the employee case. The first case is Gold Charm Limited v. Samsung, Toshiba & Funai, 2017-17-38. Mr. Tetchy, is it? T.C., Your Honor. T.C. Good morning. Please proceed. Thank you. May it please the Court. Counsel, we're here today because the Board, although it cited the broadest reasonable interpretation for the claim construction standard, went well beyond that standard in committing two basic reversible errors. The first was that the Board ignored the specification's repeated disparagement of the prior art six-step photolithography method, and the specification's expressed exclusion of liftoff, and failed to limit the claims in accordance with those statements in the specification. The Board's effort to characterize... As to that one, the problem is in footnote nine of the Board opinion. They say it doesn't really make any difference because Takazawa doesn't have six steps, it has five steps. Correct. But it doesn't have the five steps that are recited in Claim 1. There's five different steps. So even though Takazawa has five steps, five photolithography steps, they aren't the five of Claim 1. So it would have made a difference. The Board's second error was to ignore the claim language of Step D, which itself recites and relies upon the completed result of Step C, i.e., refers to said operative semiconductor formed in Step C, in arriving at its conclusions that Step C and D can be performed concurrently. Is there conflicting evidence as to whether the steps of Takazawa are the same as the steps in the patent, if you limit it to the five steps? No, I don't believe... No, there isn't, Your Honor. The steps of Takazawa are not the same five photolithography steps as in this case, for a lot of different reasons. That was agreed? I'm sorry? That was agreed before the Board? Well, I don't know if I would characterize it as agreed. I don't think it was disputed. Takazawa was a different type of process. It was what's called an etch stop. And so one of the steps in Takazawa was putting down an etch stop layer. That's not... This patent, this specification, this claim does not talk about or address an etch stop layer. So it was a different type of process, and they were different types of steps. Did I answer Your Honor's question? Well, you did, but I'm still puzzled about footnote nine because the Board seems to disagree with you. Well, the Board disagreed with me about virtually everything, and that was one of them. And we disagreed with the Board about that, too. That's why you're here. That's why I'm here. That's correct, Judge. I mean, I would be going second if they'd agree with me. The bottom line, Judge, is that reversal with respect to either of these constructions, particularly the second one with respect to order, both of them would render the Board's decisions with regard to Takazawa and Hoshino incorrect. The broadest reasonable construction is not a limitless standard, and it must be reasonable in light of the specification. Construction cannot be divorced from the spec, and the broadest reasonable construction rubric does not give the PTO an unfeathered license to import limitations to embrace anything remotely related to the claimed invention. And the fact that an expressed limitation does not appear in the claims doesn't mean that the claims shouldn't be construed as limited. That was this Court's decision in its November decision in Rembrandt. As in Rembrandt, the clear, repredative, and uniform nature of the description of the invention in this case, in combination with its rejection of the prior art methods, limit the scope of the invention, particularly, whereas here, they're inextricably interwoven among the descriptions of the primary purpose of the invention and how the invention overcomes problems in the prior art. There are numerous clear, repetitive references to the five-step patterning nature. Is Takazawa mentioned in the specification? I do not believe it is, no. That reference itself? Yeah. No. I don't believe so. No. And do the distinctions that were made in the specification apply to Takazawa? Well, they, no, they don't in that, well, let me put it this way. The argument of the appellees is that because Takazawa has an additional step not among these steps involving the edge stop and the comprising claim is open-ended, Takazawa still anticipates. So the argument was that, okay, you have these five steps that are limited in this claim. Takazawa has a different one of the five, but it's an additional step, i.e., it's not one of the five recited. I guess what I'm asking is when you refer to that one step that's not one of the five recited in Takazawa, is that a step that's disclaimed or discussed in the specification as being eliminated by this approach that's taken in the PAC? If I understand Your Honor's question, the answer is this. This claim, claim one of this patent in this specification would not support a claim element that was recited in Takazawa regarding an edge stop layer. No, but I think my question is you said that there's a disparagement of the prior art in the specification, right? Yes. And what I'm trying to do is to relate that to Takazawa even though Takazawa is not mentioned in the specification and whether that disparagement applies to the Takazawa approach. Do you understand what I'm saying? Yes, I do, Your Honor, and let me see if I can answer that question. The answer is it does apply because in order for Takazawa to anticipate, there has to be an additional photolithography step not recited in these claims. Even though there's only five claim elements and there's only five photolithography steps in Takazawa, there would have to be an additional one. That's why these apply to Takazawa as well. But there's no discussion. You said that there was one step that was added in Takazawa and two others were combined. What is this step that was added? No, no, no, no. Takazawa is, there's two types of things. There's edge stop TFT arrays and then there's channel edge. Takazawa was an edge stop. And in order to do that, when you pour the acid on either way a part of these things, you have to first put down a layer that would stop the acid as it eats through. Takazawa talks about edge stop and what they call an edge block. The reason why this is relevant with respect to this conversation is that the combination of elements is with respect to Claim 1 of the asserted patent. Takazawa has five steps, yes, but they're different than the five steps. So in order to build the invention of the TFT of this case in Takazawa. You said to me earlier that Takazawa combines two steps and has one additional step, right? No, if I said that, I misspoke. That's not what I meant to say. Takazawa has five photolithography steps. But in order to practice Takazawa, you'd have to add one. That's my point. It's different than the photolithography steps. The five steps in Takazawa are different than the five steps in the asserted patent. One of the five steps is different, right? Well, at least one, yes, Your Honor. And which step is that? That's the one in Takazawa that has to do with the edge stop. Okay. Does the patent specification say that our invention is excluding the edge stop? It doesn't say that it excludes it, Your Honor, but it has absolutely nothing in the specification to support that it would include it. I could not read, you cannot read the claims of this patent to read on an edge stop TFT array. There's no discussion. What does Takazawa say about the order of steps C and D? Well, it's not what Takazawa said. It's the order of steps C and D in this instance. You think C has to be before D? Well, the claims dictate that C has to be before D, yes, Your Honor. And so the claims and the specification— But that's not what the board found, right? Correct, Your Honor. That's right. The board found that the steps did not have to be— Actually, what the appellees argued was that step C doesn't have to be completed before step D begins. That's not consistent with the claim language. The claim language says forming an operative semiconductor. All the experts, the specification, the intrinsic record indicate that forming means putting it down and then patterning it. Step D then talks about adding additional elements on said operative semiconductor. So the claims themselves, not unlike EasyPass in our brief, talk about where the claim language refers to the completed results of the prior step. Those steps must be performed in order. If we don't agree with you with respect to Takazawa, the five steps, your point, you would focus on the order of C and D. Yes. And what does Takazawa have to say, disclose about that? Well, in order to do—the steps of C and D, when practiced in this order, would not be taught by or don't suggest or aren't found in Takazawa because there has to actually be an intervening step. So that would differentiate Takazawa. The order would also differentiate over the prior art. The order or an intervening step? Well, they have to be committed in that order without an intervening step. But there is no teaching. Again, there is no teaching in this patent that would support the inclusion in these claims of an intervening step of Takazawa. It's not in there. If I tried to do that, I'd have a 112 problem all over the place. Yeah, but where is the disparagement that you're relying on in the specification here of the prior art? Well, with respect to the disparagement, it begins in the abstract. Hence, the above-mentioned method needs to carry out only five photolithography steps to fabricate a thin-film transistor array, whereas the conventional methods have to carry out six photolithography steps. Okay, so it's just five versus six, and your problem is that Takazawa only has five steps. But they're not the same five. I understand that, but the question is, is there disparagement of using different steps in the specification or just a generalized disparagement of using six steps instead of five? I'm sorry, Your Honor. I didn't hear the first part of your question. There is disparagement in the specification of using six steps instead of five. Correct. But you agree that Takazawa only has five steps. What I'm asking you, is there disparagement in the specification of using a different five steps than is included here in the claims? And I thought you said earlier that there isn't any specific. There is, but again, Takazawa. No, you have to let me finish. Okay, I'm sorry. Is there disparagement of using a different five steps than is set forth in the claims here? No, but with this caveat, Your Honor. In order for Takazawa to anticipate, it has to have an additional edge stop step. That's the point. And so it has to have an additional photolithography step because there are five different ones that don't get you to this TFT array. And both the experts admitted that the method, the process, the steps, the order that they take all result in different TFTs. And so Takazawa doesn't, in order for Takazawa to anticipate, it has to have an additional step. And so the answer to your question is yes. When we disparage the prior art and say it's these five, that's it. No more photolithography steps. Takazawa needs an additional photolithography step, i.e., it needs putting something else down and having it patterned. And so it doesn't directly say these are the different ones, but in order for Takazawa to anticipate, it needs an additional photolithography step, which it doesn't have. I'll just recite. The problem is it's not a sixth step. It's a fifth step. But, Judge, for anticipation, if it's five different steps, it doesn't anticipate. So that's not – I mean, I understand what you're saying with my problem. I'm a little confused. Are you saying you have a step that Takazawa doesn't have? We have five steps. No. Okay. What you're arguing to me doesn't make a whole lot of sense because you're saying Takazawa doesn't anticipate because it has six steps instead of five. But putting that aside, does Takazawa have every one of your five steps? No. Which one doesn't it have? It has five different steps. Why didn't you argue that instead of this whole thing about claim construction and five versus six? Which – in claim one, which step doesn't Takazawa have? Well, in order to get – in order for Takazawa to operate, one of its steps is a – You're not going to answer my question, are you? No, no. I'm trying to, Your Honor. Point to claim one and either A – first of all, I don't understand which of these you consider your five steps because A through G is more than five. But putting that aside, which of A through G does Takazawa not have? Well, let me answer the first part of your question. It's five photolithography steps. G is six steps. Okay. Which photolithography step, reciting claim one, does Takazawa not have? Don't tell me Takazawa has something in one. It doesn't have C and D. It doesn't have C and D. That's because it combines them. In other words, if we were to reject your theory about the steps having to be in order, Takazawa does disclose all five steps. It just combines two of them. Well, I'm not trying to avoid Your Honor's question. Takazawa is a different process. It's a net stop process. And so to say that there's a one-to-one correspondence between my five steps and the Takazawa five steps isn't correct. And it's the specification, Your Honor. The specification says in column five that the steps must be conducted in this order. And then it goes through at columns five from lines 50 through 67 and recites the actual order in which it's supposed to be. So the claims themselves dictate that the steps are in order, that C has to be completed before D because it talks about set operative semiconductor. The specification says that the steps have to be in order. And, in fact, the specification at column five lines five through eight, well, says that they have to be in order. And then it says, talking about step C, thus there is formed, past tense, at column five lines 64 through 66, the patterned amorphous silicon film 21, which is the operative semiconductor, which constitutes a major part of the TFT. In an effort to get around that, the appellees argued that step C does not have to be completed. And their argument is belied by the specification. The specification talks about it being formed. It uses then, there, and thus, and thereafter, and ultimately talks about the last part, which is etching away part of the operative semiconductor to form the TFT, not the operative semiconductor layer. I see that my time is up. Your time is up. We'll give you three minutes of your photo break. And then Mr. Haslund. The 589 pattern in the summary of the invention and elsewhere says that the goal of that invention was to eliminate one process step and to have five steps. There is no reference in the specification to an etch stop versus a back channel. There is no discussion of disparaging that process. Takazawa has, as the board indicated in footnote nine, five processing steps. And it has the same, it accomplishes its five steps in a way similar to what the specification says. As the abstract and column six, lines 50 through 58 say, one of the ways in which the patent achieves five steps by eliminating one is to combine two steps, which allows the via holes to be opened at the same time. Takazawa does the same thing. Takazawa does have a photolithographic step which creates the etch stop. But of critical importance here on C and D, it does perform C and D, it does it simultaneously. But the end result is the same TFT that is specified in the preamble of claim one. Claim one is very generic as to saying that it is performing a TFT array with certain structures in it. And the body of the claim refers back to those structures. And so what Takazawa does and what claim one does is to perform and create a TFT with the same structure as called out in the specification in claim one of the 589 patent as in Takazawa. Well, how can a process that consists of C and D together be within the scope of C and D in the patent? Because you've got forming semiconductor on insulating form, then forming source electrodes on said operative semiconductor, which means it must have been there before. On means simply above. And we get that by looking at step 1G of claim one, which says you form a pixel electrode on the substrate. There is no dispute that the pixel electrode is not on in the sense of physically on the substrate. It is over the substrate. And as Takazawa shows and as Dr. Watts admitted, the TFT is not formed, it is not operable, it is not operative until you have etched the N plus layer. And that is done in the same step in Takazawa, and it is done in a later step in the patent. But the operative semiconductor at best, what the patent talks about as the operative semiconductor is at best ambiguous in the specification. And I think that supports the board's broadest reasonable construction. Do you agree that claim five encompasses five, is limited to five steps? I believe that under the broadest reasonable construction, the board was correct in finding, based on the language of this specification, that it was not limited to five steps. Well, what about the top of column four of the patent? As defined in claim one, it tells you what claim one means, you need to carry out only five photolithography steps. Doesn't the specification tell you what claim one means? You need only carry out five. It doesn't say you can't carry out six. But the point was that Takazawa, in fact, only has five steps. It is. And so it doesn't run into the notion that six steps, under their theory, isn't permissible. But it has five steps, it has an additional step, the edge stop step, but it limits itself to five by combining two of the other steps. Correct. And the order, the number of steps, is relevant only to the alternative ground of Hoshino anticipating certain claims, because Hoshino has more than five steps. So the board's find— Did the board so find? The board found that it anticipated, because of the board's construction, that it wasn't limited to five photolithographic steps. The alternative ground. It was an alternative ground. The board's ultimate conclusion that claims two, three, five, and six are invalid stands even if this court were to reverse the PTAB on the number of steps, because Takazawa, as the board noted in footnote nine, only has five steps. I'm still a little confused. Let's look at claim one, their claim one. I guess I take it steps A through— whichever are considered the five photolithographic steps. You think Takazawa has all of them, it's just two of them are combined? Yes. You do an additional one? Well, it has five photolithographic steps. One of the photolithographic steps is used to form what's called an edge stop. But the critical, which is 1C and 1D, however you define what the operative semiconductor means, operative has to have some meaning. And there is no dispute, and the specification supports this, that until you etch the semiconductor films, you do not have an operative semiconductor. And that's shown if you look at column five, where it says, when it talks about the operative semiconductor film six, it is pointing to the film six in the finished product, which is consistent with Dr. Watt's testimony, that until you have etched the semiconductor films in the step later, in the same step that Takazawa has, where it etches the source drain and the N plus, you don't have an operative semiconductor, because, as Dr. Watt said, if it is just what is put down as the film, it'll short. So you have to do that etch step, which is done at the same time that the source and drain are done in Takazawa, which combines steps C and D. It doesn't eliminate those steps. It performs those steps. It does it in one step. It etches the source and drain, and then a second etch etches a portion of the semiconductor films to create the notch that allows the semiconductor to be operative. It basically eliminates the short, which is undisputed. And so I think if the court gets to the point of trying to determine, on the order of steps, what is step C and step D, the specification is ambiguous as to what it means as the operative semiconductor. There are suggestions that it's the finished product. It can't be just the semiconductor films, because those don't appear in the final product. And it can't be the islands, because those aren't operative at any point in time without further modification. And if the court has any further questions, I'd be happy to answer them. But I think just to summarize, regardless of the outcome on the number of photolithographic steps, we prevail, and the board's finding is correct, because Takazawa has five steps, and it performs all five steps, all seven steps of Claim 1, but it combines Step C and D, which is permissible. The board invalidated Claims 2 through 6. What's the status of Claim 1? Claim 1 was disclaimed long before the litigation. And I believe, although the record doesn't support it, it's disclaimed because it is invalid in light of numerous prior arts. And the PTAB did not invalidate because it did not institute on Claim 4. That claim went forward in the district court. And it did so because the specification doesn't show, and the prior art didn't show, where the operative semiconductor was located at a specific location where the two lines, the drain line and bus line, overlapped. So Claim 4 survives? Claim 4 survives because it was not instituted. Right. Thank you. Mr. Teeseek? Tessie. Tessie, sorry. As is typically the case, Mr. Edelman does the work, and I take the credit. In paragraph 31 of our brief, we lay forth the differences between Takazawa and us. In our case, it's in page 31 of our moving brief. I won't read it for the court. There was no misunderstanding. At the appendix at page 366, 363, the Pelley's expert specifically indicated that Step C requires forming an operative semiconductor on the gate insulating film corresponding to the operative semiconductor of the 589 patent and discloses forming an amorphous silicon on top of the gate insulating film. And she cites the exact same parts of the specification that we've cited too, which the specification talks about forming that. That step is formed and completed. In order for them, and this goes back to Judge Hughes' question, Judge, there are more than five steps, but there are only five photolithography steps. And a photolithography step is a step where you put down something and then you pattern it. So, for instance, there's a step about putting down an insulating film. All you do is you lay that film across the entire device. You don't then pattern and cut pieces of it away. So the answer to your question, Your Honor, is that there are more than five steps, but those additional steps aren't photolithography steps. And so, with respect to Takizawa, at the appendix at 1099, How many photolithography steps does Takizawa have? Takizawa has five. It has five photolithography steps. One of the photolithography steps, and it's actually in the appendix at page 1099, one of the photolithography steps is what I was talking about earlier, which is this etch stop block. Because in Takizawa, and counsel's correct, what happens is that this operative semiconductor layer, at some point in between the source and drain electrodes, has to be cut away at the bottom, at the end. And so in the disclosed embodiment in claim one, in the steps of that claim, that's done at the very end at column six, lines 16 through 20. It talks about how you do that, how you use the source and drain electrodes that are already there as the mask. So it's not a photolithography step. You don't put something down and then take it away. And so the way we cut out that little piece at the end is just by etching it away at the very end. It's not a photolithography step. It's not a patterning step. In order to do that under the etch stop TFT of Takizawa, you actually, to make this channel, this thing that's actually in between, there's like a hole, and at the bottom is part of the operative semiconductor. In order for Takizawa to work, you have to put a layer in there that'll actually stop the acid from eating away at them. So that's an additional patterning layer. Because Takizawa was an etch stop TFT. It was a different type of TFT, and all the experts agree. Different processes result in different results. So at page 1099, we actually list the different steps, the different photolithography steps. And in order for there to be five of the same steps, they have to combine C and D. That's this whole argument. They have to combine it. They have to say that you don't have to perform them in the order in which they're put in there. But the claim language and the specification and the word comprising, it's not a weasel word, as this court said in an opinion yesterday. It doesn't override the spec. The specification was very clear. You can't do additional photolithography steps. That's what Takizawa does. And then the last page I'll cite to is page 1092, where our expert talked about the differences. I think that means my time is up. That's exactly what I meant. How about that? Thank you, Your Honor. Thank you. We'll take the case on review.